SAMUEL PRUYN and Others, Appellants, *v.* EUGENE LYNCH, Respondent.

*Code of Civil Procedure — when costs in an action commenced before its passage are not affected by it.*

On September 1, 1880, an appeal was pending in a County Court, taken by the defendant from a judgment recovered in a Justices' Court, for forty dollars and six cents damages and five dollars costs, the defendant demanding a new trial and claiming in his notice of appeal that the judgment should have been more favorable to him, in that it should have been against him for only ten dollars and costs, and also that it should have been in his favor for costs. No offer to allow judgment to be taken was made by either party within fifteen days thereafter. In May, 1886, the plaintiffs served an offer to allow a judgment to be taken against them wholly reversing the judgment, without costs, which the defendant refused to accept. Upon the trial in the County Court the plaintiffs recovered a judgment of thirteen dollars and ninety-three cents.

*Held,* that as the action was commenced before September 1, 1880, the costs upon appeal were governed by the provisions of the Code of Procedure, and not by those of the Code of Civil Procedure.

*Atkin* v. *Pitcher* (31 Hun, 352) followed; *Garling* v. *Ladd* (27 Hun, 112) criticised and doubted.

That as the judgment obtained was not more favorable to the defendant than the judgment offered, the plaintiffs were entitled to costs from the time that the offer was made, under subdivision 5 of section 366 of the Code of Procedure.

APPEAL from an order made at Special Term and entered in Warren county, refusing costs to the plaintiffs and affirming the clerk's taxation in favor of the defendant.

On the 1st of September, 1880, an appeal was pending in the County Court in this action. Judgment had been obtained by the plaintiffs in the Justice's Court for forty dollars and six cents damages and five dollars costs. The defendant had appealed to the County Court and had demanded a new trial. In his notice of appeal, the defendant claimed that the judgment should have been more favorable to him, in that it should have been against the defendant for only ten dollars and costs; also that it should have been in defendant's favor for costs. No offer to allow judgment was made by either party within fifteen days thereafter. In May, 1866, the plaintiffs served an offer on defendant to allow judgment to be taken against them, wholly reversing the judgment, without costs. Defendant refused to accept the offer. The action was then certified by the county judge to the Supreme Court and was tried at the Warren County Circuit in September, 1886, when plaintiffs recovered a verdict for thirteen dollars and ninety-three cents. Each party claiming costs, they were awarded to the defendant.

*L. M. Brown*, for the appellants.

*H. A. Howard*, for the respondent.

LANDON, J. :

As this action was commenced before September 1, 1880, the costs upon appeal are governed by the old and not by the new Code. (*Atkin* v. *Pitcher*, 31 Hun, 352.) It is remarked in this case that (*Garling* v. *Ladd* 27 Hun, 112), holding that the new and not the old Code governed the costs in a case like this, must be regarded as overruled by the Court of Appeals. (*In Matter of Weston*, 91 N.Y., 501.) Be that as it may, a re-examination of the question convinces us that full force was not given to subdivision 11 of section 3347, Code of Civil Procedure, in *Garling* v. *Ladd*. That subdivision

provides: "So much of chapters * * * 19, * * * as regulates the proceedings to be taken in an action or special proceeding and *the effect* thereof, applies only to an action or a special proceeding commenced on or after the 1st day of September, 1880." Chapter 19 of the Code of Civil Procedure regulates the proceedings to be taken in an action in a Justice's Court, including appeals, and prescribes "the effect thereof" upon the right to costs, and hence cannot affect such right in this case. This subdivision also excludes so much of chapter 19 as regulates the proceedings in this action. Such proceedings must, therefore, be regulated by the old Code, or be without statutory regulation. It was undoubtedly the intention by the saving clauses in the Code of Civil Procedure sections 3349, 3352, and of the repealing act, chapter 245, Laws of 1880, section 3, to continue the provisions of the old Code in force with respect to actions and proceedings and the effect thereof, to which the new Code, by express words, was made inapplicable.

The plaintiffs did not accept the privilege given them by section 371 of the old Code, to offer to correct the judgment in any of the particulars mentioned in the notice of appeal, but did avail themselves of the privilege given them by subdivision 5 of section 366 of the old Code. This subdivision provides that "either party may at any time before trial, serve upon the opposite party an offer in writing to allow judgment to be taken against him * * * to the effect in such offer specified, and with or without costs." The section further provides that in case the party to whom such offer be made shall not accept it, and shall fail to obtain a judgment more favorable to him than the judgment offered, he "shall not recover costs, but must pay the other party's costs from the date of the service of the offer."

Here the appellants failed to obtain a more favorable judgment than the respondent offered them. The respondent offered, in effect, to waive all recovery, and recovered thirteen dollars and ninety-three cents. We must compare results without including costs in order to determine which party is entitled to costs.

It follows that the appellant "shall not recover costs, but must pay the other party's costs from the date of the service of the offer," namely, May 11, 1886.

The same result would follow, if we give force to the proceedings

taken under the old Code before September 1, 1880, and regard the new Code as applicable to the subsequent practice and the respondent's offer of judgment made under section 3072.

The order of the Special Term is reversed, with ten dollars costs and printing disbursements, and costs of the appeal in the court below are allowed the plaintiffs from May 11, 1886, to be taxed under the Code of Procedure.

PARKER, J., concurred; LEARNED, P. J., not acting.

Order of Special Term reversed, with ten dollars costs and printing disbursements and costs of appeal in courts below allowed plaintiffs from May 11, 1886, to be levied under Code of Procedure.